IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YOLANDA K. HARTER,                              CV. 06-6140 AA

        Plaintiff,                          OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
 Commissioner of Social Security[1],

        Defendant.


AIKEN, Judge:

## INTRODUCTION

Plaintiff Yoland Harter ("Harter"), brings this action pursuant to the Social Security Act, 42 USC § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. He is substituted as defendant in this action pursuant to Fed. R. Civ. P. 25(d)(1) and 20 USC Section 405(g).

1 - OPINION AND ORDER

benefits. The Commissioner concedes that Harter is entitled to judgment, but argues that remand for further administrative proceedings is appropriate. For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for the calculation and payment of benefits.

## FACTUAL BACKGROUND

Harter was born in 1965, and was 37 years old on her alleged onset date. Tr. 89.[2] She completed high school and took college level courses for seven years, but did not earn a degree. She has worked as a prep cook, receptionist, office assistant and hairdresser.

The medical records in this case accurately set out Harter's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Harter contends that the Appeals Council erred by failing to articulate a reason to reject the Goodwill Industries Situational Assessment, and that the ALJ erred by: (1) improperly rejecting July 2001 and July 2004 psychological assessments; and (2) improperly rejecting examining physicians' opinions.

The Commissioner concedes that, had the ALJ been given the opportunity by the Appeals Council to consider the Goodwill Industries Situational Assessment, concluding that Harter cannot sustain employment, he might have rendered a different decision. The Commissioner

---

[2] Citations are to the page(s) indicated in the official transcript of the record filed with the Commissioner's Answer.

2 - OPINION AND ORDER

concedes that the ALJ failed properly to address January 2001 and July 2004 mental health assessments, at least one of which concludes that Harter cannot sustain employment. The Commissioner concedes that the ALJ failed adequately to articulate legitimate reasons to dismiss the opinion of treating physician James R. Morris M.D., that Harter is incapable of sustaining employment. The Commissioner concedes that the ALJ failed to articulate appropriate reasons to dismiss the opinion of treating physician Kate L. Beckstrand, M.D., that Harter is incapable of sustaining employment. The Commissioner concedes that the ALJ failed to address, and therefore erroneously dismissed, the opinion of Kara Pattinson, M.D., with respect to Harter's residual functional capacity. The Commissioner concedes that the ALJ erroneously rejected the opinions of Teresa Dobles, Psy. D., regarding Harter's mental impairments and inability to sustain employment. The Commissioner concedes that the ALJ failed to present a complete hypothetical question to the vocational expert. The Commissioner concedes that the ALJ failed to address the opinions of Edmond Whitely, M.D.

The ALJ's findings are not supported by substantial evidence. The ALJ has failed to provide legally sufficient reason to reject a large amount of evidence, and it is clear from the record that the ALJ would be required to find Harter disabled if the evidence were credited. *Smolen v. Chater,* 80 F3d 1273, 1288 (9th Cir 1996).

/ / /

/ / /

/ / /

/ / /

/ / /

3 - OPINION AND ORDER

CONCLUSION

For these reasons, the Commissioner's decision is REVERSED and REMANDED for the calculation and award of benefits.

IT IS SO ORDERED.

Dated this  28  day of August, 2007.

>           /s/ Ann Aiken
>           ANN AIKEN
>           United States District Judge

4  - OPINION AND ORDER