IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YOLANDA HARTER,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

O R D E R
Civ. No. 06-6140-AA

AIKEN, Judge:

    Plaintiff's attorney moves for attorney fees in the amount of $6,974.51 pursuant to 42 U.S.C. § 406(b) minus Equal Access to Justice Act (EAJA) fees in the amount of $4,521.26 for a total retroactive fee award of $2,453.25. Plaintiff's motion (doc. 35) is granted.

    Plaintiff's attorney moves for attorney fees in the amount of $6,974.51 which is 22% of plaintiff's additional retroactive Social Security benefits. Plaintiff's total retroactive benefits, as represented by the Commissioner, are $31,013.00. Pursuant to 42 U.S.C. § 406(b), the court may award a reasonable fee up to 25% of the retroactive benefits.

    The Commissioner does not dispute the "reasonableness" of plaintiff's attorney's fee. The dispute instead concerns whether

1 - ORDER

the sum of § 406(a) fees[1] and § 406(b) fees can total more than 25% of plaintiff's retroactive benefits. On June 25, 2008, this issue was resolved by the Ninth Circuit Court of Appeals in Clark v. Astrue, ___ F.3d ___, 2008 WL 2512960 (9th Cir. Jun. 25, 2008). The court held that:

> the plain text of 42 USC 406(b) limits only the amount of attorney's fees awarded under 406(b), <u>not the combined fees awarded under 406(a) and 406(b) to 25% of the claimant's past-due benefits</u>.

Id. (emphasis added).

In sum, the issue of whether 406(a) fees and 406(b) fees can equal more than 25% of the claimant's retroactive benefits is currently controlled by the appellate court's holding in Clark. This court does not have jurisdiction or authority to override that ruling.

IT IS SO ORDERED.

Dated this 25 day of August 2008.

_____
Ann Aiken
United States District Judge

---

[1] The Commissioner previously paid $5,300 in 42 U.S.C. 406(a) fees to the attorney who represented plaintiff at the administrative hearing.

2 - ORDER